Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JOSÉ GUILLERMO RODRÍGUEZ VALLE<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA, DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400218 | Revisión Administrativa procedente de la Junta de Libertad Bajo Palabra, Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>No Concesión del Privilegio de Libertad bajo Palabra<br><br>Caso Número:<br>0005587 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

El recurrente, señor José Guillermo Rodríguez Valle, comparece ante nos para que dejemos sin efecto la *Resolución* administrativa emitida por la Junta de Libertad Bajo Palabra, el 21 de noviembre de 2023, notificada el 7 de diciembre de 2023. Mediante la misma, el referido organismo denegó una solicitud sobre beneficio de libertad bajo palabra promovida por el recurrente.

Por los fundamentos que expondremos a continuación, se confirma la *Resolución* recurrida.

**I**

Conforme surge de la *Resolución* recurrida, el recurrente es miembro de la población penal de la Institución Correccional 501 de Bayamón, en donde extingue una sentencia de 150 años por la comisión de los delitos de asesinato en primer grado, homicidio, tentativa de asesinato, tentativa de fuga, robo, agresión y violación a la Ley de Armas. La sentencia de referencia habrá de extinguirse

Número Identificador

SEN2024 _____

el 30 de mayo de 2061. Desde el 11 de junio de 2008, el recurrente se encuentra clasificado en custodia mínima. La Junta de Libertad Bajo Palabra adquirió jurisdicción sobre su caso el 10 de mayo de 2012.

En mayo de 2023, el recurrente solicitó a la Junta de Libertad Bajo Palabra que le fuera concedido dicho privilegio. Tras examinada su petición, ser remitida para la evaluación correspondiente, y luego de considerados los informes, evaluaciones y expedientes pertinentes, el 7 de diciembre de 2023, la Junta de Libertad Bajo Palabra notificó la *Resolución* administrativa que nos ocupa. Mediante la misma, el organismo determinó que el *Informe Breve de Libertad Bajo Palabra*, suscrito el 30 de agosto de 2023 por la Técnico Sociopenal Xiomara Rivera Delgado, surgía que el recurrente, aún cuando cumplía con ciertos de los factores a considerarse, carecía de un hogar viable para residir, de serle concedida la libertad bajo palabra. De este modo, el organismo denegó la petición en controversia.

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 16 de abril de 2024, el recurrente compareció ante nos mediante el presente recurso de revisión judicial. En esencia impugna la determinación por su petición fue denegada, así como, también, la razón por la cual no fue referido a un programa de tratamiento interno.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias

administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Otero Rivera v. Bella Retail Group, Inc.,* 2024 TSPR 70, 2013 DPR ___ (2024); *Voili Voilá Corp. v. Mun. Guaynabo,* 2024 TSPR 29, 213 DPR ___ (2024; *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 821-822 (2012); *Asoc. Fcias. v. Caribe Specialty II et al.,* 179 DPR 923, 940 (2010). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la *razonabilidad* de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra; *The Sembler Co. v. Mun. de Carolina,* supra. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por *evidencia sustancial* que surja de la *totalidad del expediente administrativo. Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra; *Assoc. Ins. Agencies, Inc. v. Com.*

*Seg. P.R.*, 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Otero Rivera v. Bella Retail Group, Inc.,* supra; *Costa Azul v. Comisión*, 170 DPR 847, 853 (2007).

**B**

Por su parte, la Junta de Libertad Bajo Palabra fue creada mediante la aprobación de la Ley Orgánica de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq,* según enmendada. Dicho estatuto otorgó a la Junta el poder para decretar que cualquier persona recluida en las instituciones correccionales de Puerto Rico, pueda cumplir la última parte de su condena bajo el privilegio de libertad bajo palabra y conforme a las condiciones que a tal fin se impongan. 4 LPRA sec. 1503; *Benítez Nieves v. E.L.A. et al.,* 202 DPR 818, 825 (2019); *Toro*

*Ruiz v. J.L.B.P. y Otros*, 134 DPR 161, 166 (1993). Por ello, se reconoce que "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).

La concesión del privilegio de libertad bajo palabra, si bien persigue un fin rehabilitador, supone, a su vez, la consideración del mejor interés de la sociedad. 4 LPRA sec. 1503c. De ahí que se faculta a la Junta para establecer las condiciones que intime necesarias para conciliar ambos fines. En la consecución de la referida premisa, la Ley Núm. 118, *supra*, enumera los criterios que dirigirán la discreción de la Junta al momento de considerar la elegibilidad de la concesión del privilegio en cuestión. A tal efecto, dispone como sigue:

> La Junta tendrá facultad para conceder el privilegio de libertad bajo palabra a una persona recluida en una institución penal en Puerto Rico, tomando en consideración los siguientes criterios:
>
> > (1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.
> >
> > (2) Las veces en que el confinado haya sido convicto o sentenciado.
> >
> > (3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.
> >
> > (4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.
> >
> > (5) El historial de ajuste institucional y del historial social y psicológico del confinado, preparado por la Administración de Corrección y el historial médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.
> >
> > (6) La edad del confinado.
> >
> > (7) El o los tratamientos para condiciones de salud que reciba el confinado.

(8) La opinión de la víctima.

(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.

(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.

(11) Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento. La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.

4 LPRA 1503d.

Por su parte, a fin de ejecutar las facultades legales que le asisten a la Junta de Libertad Bajo Palabra, el Artículo X, Sección 10.1 del Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020, en lo pertinente a la elegibilidad de un candidato para disfrutar del privilegio en controversia, enumera los criterios a considerarse. Así, provee como sigue:

A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

[...]

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

[...]

**e. Residencia**

**i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad**

**bajo palabra, bien sea una residencia o un programa interno.**

**ii. De proponer una residencia, el peticionario proveerá el nombre completo, número de teléfono y correo electrónico de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.** (Énfasis nuestro).

[...]

v. Para determinar si la vivienda propuesta es viable, la Junta considerará:

(a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y como el peticionario se relaciona con estos.

(b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.

(c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.

(d) Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.

(e) Si existe algún impedimento en ley para que le peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

[...]

12. La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionado y al mejor interés de la sociedad.

## III

En la presente causa, el recurrente, en esencia, impugna la determinación por la cual la Junta de Libertad bajo Palabra denegó su solicitud para poder disfrutar del referido privilegio. Igualmente, plantea que debió haber sido referido a un programa de tratamiento interno. No obstante, al entender sobre el expediente que nos ocupa, no podemos sino sostener lo resuelto por el organismo recurrido.

Conforme surge de los documentos de autos, una vez sometida la correspondiente solicitud por parte del recurrente, la Junta de Libertad Bajo Palabra dio curso a los procedimientos pertinentes para evaluar el cumplimiento de las condiciones y criterios legales y reglamentarios aplicables. Se desprende de la prueba que ante nos obra que, a pesar de cumplir con ciertos de los criterios, el recurrente no pudo establecer que contaba con un hogar viable en el que pudiera permanecer de serle concedido el privilegio en disputa. Tal cual expusiéramos, dicho requisito es uno expresamente contemplado por el Reglamento Núm. 9232, *supra,* por lo que su concurrencia es determinante al momento en el que,

en el ejercicio de su discreción ante una petición sobre concesión del privilegio de libertad bajo palabra, el organismo ausculta la elegibilidad del solicitante.

Toda vez que el recurrente no demostró contar con un hogar viable, y dado a que la extensión del privilegio en controversia es uno propio a la discreción que en el ejercicio evaluativo correspondiente le asiste a la Junta de Libertad bajo Palabra, resolvemos no intervenir con lo resuelto. Nada en el expediente de autos revela que la determinación aquí recurrida sea incorrecta ni irrazonable, condición que nos exige abstenernos de intervenir con el criterio especializado del organismo.

Por su parte, sobre el señalamiento en virtud del cual el recurrente alega que la Junta de Libertad Bajo Palabra incidió al no referirlo a un programa de tratamiento interno, destacamos que fue en su *Moción de Reconsideración* a la determinación aquí recurrida cuando expuso la solicitud correspondiente. Se desprende del expediente de autos que, tras acogida la reconsideración de referencia, el organismo concernido refirió su caso al Negociado de Programas y Servicios del Departamento de Corrección y Rehabilitación para que se evaluara la posibilidad de que pudiera ingresar a un programa de tratamiento interno. Sin embargo, surge que el Departamento de Corrección y Rehabilitación no autorizó su evaluación, toda vez que el recurrente cumplirá el máximo de su sentencia en el año 2061, término que excede el periodo de dos años establecido para extinguir una sentencia en un programa alterno. Por tanto, ningún error se cometió al no proveerse para el referido solicitado.

Ahora bien, apuntamos que, una vez el recurrente cuente con un hogar viable, este puede someter, nuevamente, la solicitud en disputa a los fines de que la misma sea evaluada a cabalidad. Para ello, tal cual exponen el Ministerio Público, podrá identificar a una

persona distinta a las que previamente propuso y fueron evaluadas, que no, necesariamente, pertenezca a su núcleo familiar.

**IV**

Por los fundamentos que anteceden, se confirma la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones